UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDRE MULLIN and GABRIEL QUIROS        **VERIFIED**
                                       **COMPLAINT**
                Petitioners,

    -against-
                                                    DOCKET #: 07 CV 4760

CITY OF NEW YORK,  THE NEW YORK CITY
POLICE DEPARTMENT, and P.O. "JOHN"
ISCOVICI badge # 26836.

                Respondents.
-----------------------------------------------------------------X

       Plaintiffs, by and through their attorneys, THE LAW OFFICE OF SHABAN KOLECI, complaining of the defendants alleges upon information and belief as follows:

       1.     That at all times herein claimed plaintiff ANDRE MULLIN (hereinafter "MULLIN") residence was located at 41 Stanley Ave., Staten Island, New York 10301

2.     That at all times herein claimed plaintiff GABRIEL QUIROS (hereinafter "QUIROS") residence was located at 90 Leckman Ave., Staten Island, New York 10303.

       3.     Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

       4.     Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the POLICE DEPARTMENT OF THE CITY OF NEW YORK, including all the police officers thereof.

       5.     That upon information and belief, that at all times herein after mentioned, the defendant police officers "JOHN" ISCOVICI badge # 26836, was employed by the defendant NEW YORK CITY POLICE DEPARTMENT under the aegis and control of the defendant THE CITY OF NEW YORK.

       6.     That Notices of Claim were filed within 90 days of the occurrence alleged herein.

       7.     That 50H Hearings were held pursuant to Sec. 50(h) of the General Municipal Law on January 8, 2007.

       8.  That more than 30 days have elapsed since the Notice of Claim and Intention To Sue has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

       9.    That this action is commenced within one year and 90 days after the cause of action arose.

**AS AND FOR A FIRST COUNT:**
**FALSE ARREST AND IMPRISONMENT**

       10.    The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "9" with the same force and effect as if more fully set forth herein.

       11.    That on or about the 9th day of June, 2006 at or about 6:45 P.M. of that day, starting in the vicinity of 41 Stanley Avenue, County of Richmond, City and State of New York , and

continuing thereafter in the vicinity of 53 Stanley Avenue, County of Richmond, City and State of New York defendant, "JOHN" ISCOVICI badge # 26836, while in the scope of his employment for THE NEW YORK CITY POLICE DEPARTMENT, his agents, servants and employees wrongfully and falsely arrested, imprisoned and detained plaintiffs, MULLIN and QUIROS, without any right or grounds therefore.

12.  That on or about the 9th day of June, 2006, the defendants THE NEW YORK CITY POLICE DEPARTMENT, and "JOHN" ISCOVICI badge # 26836, wrongfully and falsely accused the plaintiffs, MULLIN & QUIROS, of crimes including felonies and misdemeanors, and/or violations.

13.  That on or about the 9th day of June, 2006, the defendants THE NEW YORK CITY POLICE DEPARTMENT, and "JOHN" ISCOVICI badge # 26836, wrongfully and falsely accused the plaintiffs, MULLIN & QUIROS, of crimes including felonies and misdemeanors, and/or violations.

14.  That the said arrests and imprisonments were caused by the said defendants, their agents, servants and employees, without any warrant, or other legal process, without authority of the law and without any reasonable cause or belief that the plaintiffs, MULLIN & QUIROS, were in fact guilty of such crimes and/or violations.

15.  While the plaintiffs, MULLIN & QUIROS were legally standing, at the location of the arrests, unarmed and posing no threat, the said defendants, their agents, servants and employees, wrongfully and unlawfully, against the plaintiffs' wishes, without probable or reasonable cause, and on the sole charge, then made, that plaintiffs were violating the Penal Laws of the State of New York, approached, stopped detained, arrested and imprisoned the plaintiffs, MULLIN & QUIROS.

16.  That the said defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, approached, stopped, detained, arrested and imprisoned the plaintiffs even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiffs, directed that the plaintiffs be searched and placed in confinement at said locations.

17.  That said defendants did not have probable cause to stop, detain, arrest, imprison or search plaintiffs, MULLIN & QUIROS, and plaintiffs were forced by the said defendants to submit to the aforesaid arrest and imprisonment thereto entirely against their will.

18.  That the defendants, their agents, servants and employees, as set forth at the aforementioned time, date and place, intended to detain and confine the plaintiffs; in that the plaintiffs were conscious of said detainment and confinement; plaintiffs did not consent to the said detainment and confinement; and that the said detainment and confinement was not otherwise privileged.

19.  That by reason of the aforesaid false arrests, imprisonments, detentions, and confinements of the plaintiffs, plaintiffs were subjected to great indignities, humiliation and ridicule, in being so detained, and greatly injured in their credit and circumstances and were then and there prevented and hindered from performing and transacting their necessary affairs and business, and they was caused to suffer much pain in both mind and body, the loss of employment and the loss of time from employment and/or opportunities.

20.  That by reason of the aforesaid, the plaintiff MULLIN has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

21. 20.  That by reason of the aforesaid, the plaintiff QUIROS has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

**AS AND FOR A SECOND COUNT:**
**ASSAULT**

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "21" with the same force and effect as if more fully and at length set forth herein.

23. That on or about the 9th day of June, 2006 at or about 6:45 P.M. of that day, starting in the vicinity of 41 Stanley Avenue, County of Richmond, City and State of New York , and continuing thereafter in the vicinity of 53 Stanley Avenue, County of Richmond, City and State of New York the defendants, their agents, servants and employees, and more particularly the defendant Police Officer "JOHN" ISCOVICI badge # 26836 employed by the NEW YORK CITY POLICE DEPARTMENT under the aegis of THE CITY OF NEW YORK, without just cause or provocation and with great force and violence, violently seized, assaulted, and laid hold of the plaintiffs, MULLIN & QUIROS, including but not limited to intentionally, maliciously, forcefully and fiercely striking, kicking, and battering the plaintiffs as they attempted to protect themselves from the onslaught of the defendant(s), smashing, with great force and violence, plaintiffs' bodies against the ground at said location, thereby causing traumatic injury to plaintiff QUIROS'S wrist, arms, legs, face and, surrounding facial areas, resulting in a fracture to his wrist, as well as plaintiff MULLIN'S head, neck back, arms and legs, and thereafter causing handcuffs to be tightly placed upon the wrists of the plaintiffs herein.

24. That the said defendant police officer, his agents, servants and employees, acting as agents and on behalf of defendants and within the scope of his employment as a member of the New York City Police Department, under the aegis of the City of New York, intentionally, willfully and maliciously assaulted and battered plaintiffs, MULLIN & QUIROS, in that he had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally engaged in a violent and/or menacing act(s) which threatened such contact to the plaintiffs, and that act(s) caused apprehension of such contact in the plaintiffs, and defendant in a hostile and/or offensive manner threatened to, and did so touch and beat the plaintiffs, without their consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiffs, and caused injury at and about plaintiff QUIROS'S wrist, arms, legs, face and, surrounding facial areas, resulting in a fracture to his wrist, as well as plaintiff MULLIN'S head, neck back, arms and legs, and thereafter causing handcuffs to be tightly placed upon the wrists of the plaintiffs herein.

25. That by reason of the aforesaid intentional assault and battery committed by the said defendant, his agents, servants and employees, acting within the scope of his authority, and without probable or reasonable cause, the plaintiffs suffered great bodily injury about plaintiff QUIROS'S wrist, arms, legs, face and, surrounding facial areas, resulting in a fracture to his wrist, as well as plaintiff MULLIN'S head, neck back, arms and legs, and thereafter causing handcuffs to be tightly placed upon the wrists of the plaintiffs herein, and were rendered sick, sore, lame and disabled, and among other things, suffered conscious pain and suffering, and that they were otherwise damaged.

26. That by reason of the aforesaid, the plaintiff MULLIN has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

27. That by reason of the aforesaid, the plaintiff QUIROS has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A THIRD COUNT:
## NEGLIGENT HIRING AND RETENTION

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "27", with the same force and effect as if more fully and at length set forth herein.

29. That the defendants, THE CITY OF NEW YORK, and THE NEW YORK CITY POLICE DEPARTMENT were careless, reckless and negligent in hiring and retaining their employees, the above named individuals and more particularly "JOHN" ISCOVICI badge # 26836 : in that the said defendants' employees lacked the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; in that the defendants lacked the maturity, sensibility and intelligence to be employed by the defendants; in that the defendants knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them to be employees; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

30. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery, negligent retention of employees and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

31. That by reason of the aforesaid, the plaintiffs were injured in mind and body and still suffer and upon information and belief, will continue to suffer great physical and mental pain, and were rendered sick, sore, lame and disabled and so remain, and were incapacitated from their usual occupation and will, upon information and belief, be so incapacitated in the future, and have expended and incurred diverse sums of money in an effort to cure themselves of said injuries, and to extricate themselves from the indignities and humiliation imposed upon them by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and, upon information and belief, will expend further sums in that direction, and the plaintiffs have been otherwise damaged.

32. That by reason of the aforesaid, the plaintiff MULLIN has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

33. That by reason of the aforesaid, the plaintiff QUIROS has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A FOURTH COUNT:
## NEGLIGENT SUPERVISION AND TRAINING

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "33", with the same force and effect as if more fully and at length set forth herein.

35. That the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, their agents, servants and employees were negligent, careless and reckless in failing to properly train and supervise their employees and impart upon them the knowledge of the proper circumstances under which a stop, seizure, detainment, arrest and search may be made; the proper circumstances under which force may be used; the proper administration of the use of force; in failing to impart upon them the knowledge to control their tempers and exercise the proper deportment

and temperament, and to otherwise act as reasonably, prudent police officers; in failing to impart upon them proper training and instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

35. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery, negligent hiring and retention, negligent supervision and training, and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiffs.

37. That by reason of the aforesaid, the plaintiffs were injured in mind and body, still suffer, and upon information and belief, will continue to suffer great physical and mental pain, and were rendered sick, sore, lame and disabled and so remain, and were incapacitated from their usual occupation and will, upon information and relief, be so incapacitated in the future, and have expended and incurred diverse sums of money in an effort to cure themselves of said injuries, to extricate themselves from the indignities and humiliation foisted upon them by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements; and, upon information and belief, will expend further sums in that direction, and the plaintiffs have been otherwise damaged.

38. That by reason of the aforesaid, the plaintiff MULLIN has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

39. That by reason of the aforesaid, the plaintiff QUIROS has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A FIFTH COUNT:
### NEGLIGENCE IN THE PERFORMANCE OF POLICE DUTIES

40. Plaintiffs repeats, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "39", with the same force and effect as if more fully set forth herein.

41. That the defendants, "JOHN" ISCOVICI badge # 26836, and THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, under the aegis of defendant THE CITY OF NEW YORK, their agents, servants and employees negligently, carelessly and recklessly performed police duties in that they failed to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances; in that they carelessly, recklessly and negligently caused permitted and allowed the arrest of plaintiffs without making a proper investigation; in that they were negligent, careless and reckless in the manner in which they approached, directed, pursued, stopped seized, detained, confined, apprehended, arrested, imprisoned, and assaulted plaintiffs, MULLIN & QUIROS; in that the defendants, their agents, servants and employees negligently, carelessly and recklessly did so without provocation and with great force and violence; in that they negligently struck and/or caused the plaintiffs to be struck; in that they negligently, carelessly and recklessly used and/or caused the use of threat of physical force, and actually used physical force upon the plaintiff, and/or caused and permitted same; and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

42. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery, negligent hiring and retention, negligent supervision and training, negligence in the performance of police duties and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without

any negligence on the part of the plaintiff.

43. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and she was rendered sick sore, lame and disabled and so remains, and she was incapacitated from her usual occupation and will, upon information and belief, be so incapacitated in the future, and she has expended and incurred diverse sums of money in an effort to cure herself of said injuries to extricate herself from the indignities and humiliation foisted upon her by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements; and, upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

44. That by reason of the aforesaid, the plaintiff MULLIN has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

45. That by reason of the aforesaid, the plaintiff QUIROS has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A SIXTH COUNT:
## VIOLATION OF CIVIL RIGHTS

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "45", with the same force and effect as if more fully and at length set forth herein.

47. That on or about the 9th day of June, 2006, at or about 6:45 P.M. of that day, starting in the vicinity of 41 Stanley Avenue, County of Richmond, City and State of New York, and continuing thereafter in the vicinity of 53 Stanley Avenue, County of Richmond, City and State of New York, at which time and place defendant police officer, then and there were thereat as part of their regular and official employment as a police officer for the defendants, THE NEW YORK CITY POLICE DEPARTMENT, under the aegis of the defendant CITY OF NEW YORK.

48. As plaintiffs were lawfully and properly thereat said defendant police officer who, having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest, detain and imprison the plaintiffs did so threaten these acts upon the plaintiffs, who, after continuing lawful activity, were violently struck by the defendant, and were handcuffed, arrested, detained and imprisoned, by the defendant police officer herein.

49. Immediately thereafter, aforementioned defendants, their agents, servants and employees severely assaulted and battered the plaintiffs, falsely arrested, detained and imprisoned the plaintiffs, and deprived plaintiff's of their civil rights and liberties as set forth in the Constitutions of the United States of America, and of the State of New York, handcuffed and threatened plaintiffs with the possible use of firearms and weapons and the use of physical force; in that they continued to assault and batter and imprison the plaintiffs, and/or caused and permitted same, without any conduct on the part of the plaintiffs to so warrant to wit:

a) in that all of the actions of the defendants, "JOHN" ISCOVICI badge # 26836, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the plaintiffs, to arrest, detain and imprison the plaintiffs without consent, the plaintiffs were at all times conscious of arrest, did not consent to the false arrest and imprisonment were not otherwise privileged; and,

b) the stops, approaches, detentions, arrests and imprisonments were not justified by probable cause or other legal privilege; defendants, "JOHN" ISCOVICI badge # 26836, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the United States of America, State, City and City of New York, and under the authority of the office as police officers for said City, falsely charged the plaintiffs with sections of the Penal Law, including felonies, misdemeanors, and violations although the defendants, acting in such capacity, knew that such charges were false:

c) that the defendants, "JOHN" ISCOVICI badge # 26836, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, their agents, servants and employees caused an assault and battery when they in a hostile and/or offensive manner threatened, and did so touch and beat the plaintiffs without consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiffs, all without warrant, probable cause or any lawful cause whatsoever; and,

d) that the defendants, "JOHN" ISCOVICI badge # 26836, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees; that their hiring practices in the exercise of police functions and failure to enforce the laws of the United States of America, the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiffs; in that they exhibited a lack of that degree of due care which prudent and reasonable individuals, and police officers, would show in executing the duties of the defendants; and,

e) the failure of the defendants, "JOHN" ISCOVICI badge # 26836, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the performance and exercise of their functions; in that their failure to enforce the laws of the United States of America, State of and City of New York, and County of Queens was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including plaintiffs; and,

f) due to the acts of the defendant, "JOHN" ISCOVICI badge # 26836, his agents, servants and employees, and the failure of the defendants, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK to discipline and properly hire the defendant and the continued employment of the defendant presents a clear and present danger to the citizens of the City and State of New York, and more particularly the plaintiffs herein; and,

g) that the defendants, ""JOHN" ISCOVICI badge # 26836, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, their agents, servants and/or employees permitted the use of policy and/or drafted policy that was violative of the Constitutional rights of the above named plaintiffs; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the United States of America, the State of New York, and the City of New York, and under the authority of their office as police officers for said City and county.

50. Defendants "JOHN" ISCOVICI badge # 26836, and THE NEW YORK CITY POLICE DEPARTMENT, acting under the aegis of THE CITY OF NEW YORK, did not have probable cause to approach, pursue, stop seize, search and/or arrest plaintiffs MULLIN & QUIROS, either before or at the time, and deprived them of their Constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Sec. 1983 and the Constitution of the State of New York.

51. As a direct result of the illegal actions and conduct on the part of the said defendants, their agents, servants and employees, plaintiffs were falsely approached, seized, detained, arrested and imprisoned, and assaulted and battered.

52. That at all times hereinafter mentioned, the defendant police officer, his agents, servant, and/or employees, was employed in his respective capacity by the defendant THE NEW YORK CITY POLICE DEPARTMENT under the aegis of the defendant THE CITY OF NEW YORK, and acting under the color of official capacity and said acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New York.

53. That at all times hereinafter mentioned, the defendant police officer was acting pursuant to orders and directives from defendant, THE NEW YORK CITY POLICE DEPARTMENT under the aegis of the defendant THE CITY OF NEW YORK.

54. That during all times hereinafter mentioned, the defendant police officer acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of THE NEW YORK CITY POLICE DEPARTMENT under the aegis of THE CITY OF NEW YORK and the defendant here, engaged in the illegal conduct here mentioned to the injury of the plaintiffs, MULLIN & QUIROS, and deprived plaintiffs of the rights, privileges and immunities secured to plaintiffs by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

55. That the defendant Police Officer, was employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT under the aegis THE CITY OF NEW YORK, their agents, servants and employees of defendant(s), together with persons unknown to plaintiffs, acting under color of law, have subjected plaintiffs, and other persons, to a pattern of conduct consisting of illegal harassment, assault and battery, and false imprisonments and arrests at the time said persons, and plaintiffs herein were lawfully and properly on the public streets and sidewalks, in the County Richmond, City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiffs, MULLIN & QUIROS, and other citizens by the Constitution of the United States, and the Constitution State of New York.

56. This systematic pattern of conduct consists of a large number of individual acts of

violence, intimidation, harassment, assault batter, false arrest, false imprisonment, and negligence visited on plaintiffs, MULLIN & QUIROS, and other citizens by members of the police department of defendants, THE NEW YORK CITY POLICE DEPARTMENT, THE CITY OF NEW YORK, and the above named defendant police officer, acting in concert with persons unknown to the plaintiffs and under color of law and said acts, while carried out under color of law, with no justification or excuse in law and which instead are illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

57. Although defendants knew or should have known of the fact that this pattern of conduct were carried out by their agents, servants and employees, the defendants, have not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiffs or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents,

58. The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiffs of the following rights, privileges and immunities secured to her by the Constitution of the United States and of the State of New York:

   a) The right of plaintiffs to be informed of the nature and cause of the accusation against them as secured to them under the Sixth and Fourteenth Amendments to the Constitution of the United States; and,

   b) The right of plaintiffs not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

59. That by reason of the aforesaid violations, false arrests and false imprisonments, assaults and batteries, negligent hiring and retention, negligent training and supervision, negligent performance of police duties and violation of civil rights caused by the defendants, "JOHN" ISCOVICI badge # 26836, and THE NEW YORK CITY POLICE DEPARTMENT under the aegis of THE CITY OF NEW YORK, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiffs and compel them to abandon their rights and privileges as provided to her in the Constitution of the United States of America, and provided to them in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. Sec. 1983 in that the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinances, regulation, custom or usage of the State and City of New York, subjected or caused to be subjected, a citizen of the United States or other persons within the jurisdiction, particularly the plaintiffs, MULLIN & QUIROS, thereof to be deprived of their rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; were subjected to great indignities and humiliation, and pain and distress of mind and body and were held up to scorn and ridicule, injured in character and reputation, were prevented from attending usual business and vocation and were injured in reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiffs.

60. That by reason of the aforesaid negligence, intentional assault and battery, false arrest and false imprisonment, and deprivation of rights and liberties as guaranteed by the aforementioned

Constitutions, by the defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, the plaintiffs suffered great bodily injury in and about plaintiff QUIROS'S wrist, arms, legs, face and, surrounding facial areas, resulting in a fracture to his wrist, as well as plaintiff MULLIN'S head, neck back, arms and legs, and thereafter causing handcuffs to be tightly placed upon the wrists of the plaintiffs herein and were rendered sick, sore, lame and disabled, and among other things, they suffered conscious pain and suffering, and that they were otherwise damaged.

61. That by reason of the aforesaid, the plaintiff MULLIN has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

62. That by reason of the aforesaid, the plaintiff QUIROS has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.
.
**AS AND FOR A SEVENTH COUNT:**

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "62", with the same force and effect as if more fully and at length set forth herein.

64. That by reason of the aforesaid false arrests and imprisonments, vicious assaults and batteries, malicious prosecutions, violations of civil rights and negligence caused willfully and maliciously by the defendants, their agents, servants and employees, the plaintiffs were wrongfully deprived of rights, privileges and benefits as provided under the Constitution of the United States of America and the Constitution of the State of New York; sustained severe, serious and upon information and belief, permanent injuries to plaintiff QUIROS'S wrist, arms, legs, face and, surrounding facial areas, resulting in a fracture to his wrist, as well as plaintiff MULLIN'S head, neck back, arms and legs, and thereafter causing handcuffs to be tightly placed upon the wrists of the plaintiffs herein, and were rendered sick, sore, lame and disabled and confined to bed and home and she was subjected to great indignities and humiliation, and pain and distress of mind and body, and were held up to scorn and ridicule, injured in character and reputation, were prevented from attending their usual business and vocation, were injured in reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the plaintiffs.

65. That by reason of the aforesaid, the plaintiff MULLIN has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

66. That by reason of the aforesaid, the plaintiff QUIROS has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

67. That plaintiffs demand a Jury Trial for this matter.
.
WHEREFORE: Plaintiff MULLIN demands judgment against the defendants in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the First Count; FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Second Count; FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Third Count; FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Fourth Count; FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Fifth Count; the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Sixth Count; the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Seventh Count and reasonable attorney's fees, together with costs and disbursements of this action and such other and

further relief that this Court may deem just and proper under the circumstances;

Plaintiff QUIROS demands judgment against the defendants in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the First Count; FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Second Count; FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Third Count; FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Fourth Count; FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Fifth Count; the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Sixth Count; the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Seventh Count and reasonable attorney's fees, together with costs and disbursements of this action and such other and further relief that this Court may deem just and proper under the circumstances

Dated:
May 13th, 2007

LAW OFFICE OF SHABAN KOLECI
361 Victory Blvd.
Staten Island, N.Y. 10301
(718) 815-3380