UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANDRE MULLIN and GABRIEL QUIROS,

                                        Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK POLICE
DEPARTMENT, AND P.O. "John" ISCOVICI badge
#26836,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT**

07 CV 4760 (GBD)

**JURY TRIAL DEMANDED**

This document has been electronically filed.

        Defendants City of New York, New York Police Department and Officer Iscovici, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

        2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that the City of New York is a municipal corporation.

        4.      Deny the allegations set forth in paragraph "4" of the complaint; except admit that the City of New York maintains a police department.

        5.      Deny the allegations set forth in paragraph "5" of the complaint; except admit that Officer Iscovici was employed by the New York City Police Department.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller.

7. Admit that a 50H hearing was held on January 8, 2007.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that no payment has been made by defendant City.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to proceed as stated therein.

10. In response to the allegations set forth in paragraph "10" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "9" inclusive of this answer, as if fully set forth herein.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "21" inclusive of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "27" inclusive of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "33" inclusive of this answer, as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "39" inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "45" inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint, except admit that on June 9, 2006 police officers were in the vicinity of 53 Stanley Avenue.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint and all its subparts.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Defendants state that the allegations set forth in paragraph "52" of the complaint set forth legal conclusions to which no response is required.

53. Defendants state that the allegations set forth in paragraph "53" of the complaint set forth legal conclusions to which no response is required.

54. Defendants state that the allegations set forth in paragraph "54" of the complaint set forth legal conclusions to which no response is required.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint and all its subparts.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "62" inclusive of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Paragraph "67" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

68. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

69. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

70. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

71. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

72. Plaintiffs have failed to comply with New York General Municipal Law §50-e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

73. Plaintiffs provoked any incident.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

74. Punitive damages cannot be recovered against the City of New York.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

75. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

76. There was probable cause for plaintiffs' arrest, detention, and criminal prosecution.

- 7 -

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

63. Defendant Iscovici has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:**

64. The New York Police Department is a non-suable entity.

**WHEREFORE,** defendants City of New York and Officer Iscovici, request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             August 27, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants City of New York and
                                    Officer Iscovici
                                    100 Church Street, Room 3-178
                                    New York, New York 10007
                                    (212) 788-1029

                                By:    /s/
                                      JENNIFER L. RUBIN
                                      Assistant Corporation Counsel

To:    Shaban Koleci, Esq. (By ECF)