UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDRE MULLIN and GABRIEL QUIROS

                Petitioners,

  -against-

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, and P.O. "JOHN"
ISCOVICI badge # 26836.

                Respondents.
------------------------------------------------------------------X

**RESPONSE TO DEFENDANTS FIRST SET OF INTERROGATORIES**

DOCKET #: 07 CV 4760

Plaintiffs, by and through their attorneys, THE LAW OFFICE OF SHABAN KOLECI, Respond to Defendants; First set of Interrogatories and Request for Production of Documents upon as follows:

**GENERAL OBJECTIONS AND LIMITATIONS**

(a)   These responses are based upon facts known or believed by the plaintiff at the time of answering these Interrogatories. Plaintiff, therefore, reserves the right to amend and/or supplement these responses if new information becomes available.

Unless otherwise stated in response to the specific Interrogatory, these responses are limited to the occurrence that is the subject of this lawsuit. To the extent that these Interrogatories call for information beyond the these limitations, plaintiff objects on the grounds that they are overly broad and burdensome, seek information not relevant to the subject matter of this case, are not material or necessary to the prosecution or the defense of this action and are not reasonably calculated to lead to discovery of admissible evidence.

Plaintiff further objects to these Interrogatories to the extent that they seek information that is subject to the attorney/client privilege, that evidences or constitutes attorneys' work product, that evidences or constitutes materials prepared in anticipation of litigation or for

trial, or that is otherwise not discoverable under the Federal Rules of Civil Procedure, Local Laws and Rules, the CPLR and/or New York Law.

Plaintiff further objects to these Interrogatories on the grounds that they are unnecessarily repetitive and/or ask for information that are within the exclusive knowledge of the defendants themselves and/or ask for information that are equally within the information of the defendants, and are therefore oppressive and burdensome, and seek evidence that is not material and necessary in the prosecution or defense of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to these Interrogatories in that they call for information that is not in the possession, custody or control of the plaintiff, but rather is in the possession, custody or control of others and/or the defendants themselves and is therefore beyond the scope of permissible discovery and would pose an undue burden and expense on the plaintiff.

(b) By answering any Interrogatory or producing any information, plaintiff does not thereby concede the relevance, materiality and/or admissibility of the information sought or produced, does not waive, but rather expressly reserves, any and all objections to or with respect to the relevance, materiality, necessity and/or admissibility of such information. Plaintiff also hereby incorporates these objections into each of his answers set out below as if these objections were set forth in their entirety in each answer. Subject to and without waiver of these foregoing general objections and limitations, plaintiff responds to the defendant's First Set of Interrogatories, upon information and belief as follows:

1.  Identify all persons who witnessed, were present at, or have knowledge of the Incident, including the home and business addresses and telephone numbers of each witness. If you are unable to identify any of the individual with the meaning of Local Rule 26.3, describe that individual's physical appearance.

Answer- Please be advised that plaintiffs are currently aware of the following witnesses to the

occurrence alleged herein.

-Maria Arroyo-S.I., NY-718-442-2199
-Michael Desir-S.I. NY-718-442-2199
-Jose Perez-41 Stanley Ave, SI, NY 10301 718-826-7018
-Ramon Perez-41 Stanley Ave, SI, NY 10301 718-826-7018
-Raymond Fontera-41 Stanley Avenue, S.I., NY 10310-718-816-7818
-Lorraine Thomas-33 Stanley Avenue, S.I., NY
-Grace Moore-51 Stanley Avenue, S.I., NY 10301-718-556-1390
-Deidra Patterson-51 Stanley Avenue, S.I., NY 10301-718-556-1390
-Syliva Funetes-51 Stanley Avenue S.I., N.Y. 10301
-Antonio Funetes-51 Stanley Avenue S.I., N.Y. 10301
-Sylvia Vera-S.I., NY-347-934-3529
-Jamie Vera-S.I., NY
-Marcella Denton-S.I., NY-917-468-7269
-Ethan Dixon-S.I. NY-718-560-0790
-Alves "Gerry"-33 Stanley Avenue. S.I., N.Y. 718-876-1781
-"Martha and family"-47 Stanley Avenue, S.I., N.Y.

2.      Identify all statements, signed or unsigned, recorded on tape electronically or otherwise, made by the City of New York, or its agents, servants, and/or employees, taken by, or on behalf of, or in possession of, plaintiff.

Answer-At the present time, plaintiffs are not in possession statements, signed or unsigned, recorded on tape electronically or otherwise, made by the City of New York, or its agents, servants, and/or employees, taken by, or on behalf of, or in possession of, plaintiff with the exception of the copy of an audio CD recorded at the time of the occurrence alleged herein, previously forwarded to your office on or about November 6, 2007.

3.      Identify any and all documents plaintiff believes may have been prepared by the City of New York, or its agents, servants, and/or employees, concerning the occurrence of the injuries (and damages) alleged in the complaint, or defendant(s) responsibility therefore, including any statement, note, memorandum, or recording of an oral statement.

<u>Answer</u>-The City of New York, its agents, servants, and/or employees, and more specifically, New York City Police Officers and members of the Internal Affairs Bureau took statements as well as photographs of the plaintiffs herein with regard to the acts and injuries alleged herein at the time of the occurrence, and in addition to those items compiled at the time of the arrest of the plaintiffs herein. Additionally, reports were prepared by Officer Williams, and Officer Samuel; Complaint numbers 06-18774 and 06-18781. Plaintiffs are not in possession of any documents plaintiffs believe may have been prepared by the City of New York, or its agents, servants, and/or employees, concerning the occurrence of the injuries (civil rights violations and damages) alleged in the complaint, or defendant(s) responsibility therefore, including any statement, note, memorandum, or recording of an oral statement. The location and whereabouts of any such documents, photographs, recording, and or any other items with regard to this matter are presently within the exclusive knowledge of the City of New York, its agents, servants, and/or employees.

4.   Identify all injuries claimed by the plaintiff as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any. For each such treatment received, identify the provider who rendered the treatment to plaintiff. If no treatment was provided for any claimed injury, so state:

<u>Answer</u>:

Plaintiff Gabriel Quiros has suffered the following injuries as a result of the occurrence alleged herein:

-Metacarpal fracture right hand;

-Head contusions and discoloration;

-Back contusion;

-Shoulder contusion;

-Bruises and swelling to the right shoulder injury;

-Blackened left eye;

-Bilateral wrist pain and discoloration;

-Nightmares;

-Headaches;

-Hair loss;

-Backaches;

-Neck aches;

-Muscle aches;

-Bruising and swelling to left shin;

-Skin abrasions;

-Stiffness of all affected and surrounding areas;

-Severe Muscle spasms;

-Nerve damage;

-Tenderness of all affected and surrounding areas;

-Weakness of all affected and surrounding areas;

-Need for medications;

-Post traumatic stress disorder;

-Decrease of cervical flexion, extension, right rotation, left rotation, right lateral flexion, left lateral flexion, and all other affected and surrounding areas;

-Decrease of lumbar flexion, extension, right rotation, left rotation, right lateral flexion, left lateral flexion, and all other affected and surrounding areas;

-Lacerations;

-Bruises;

-Swelling of all affected and surrounding areas;

-Discoloration;

-Motor dysfunction of all affected and surrounding areas;

-Joint effusion;

-Straightening of the normal lumbar lordosis;

-Lumbar derangement;

-Low back pain;

-Skin abrasions;

-Decrease in mobility;

-Difficulty upon ambulation;

-Inability to ambulate without the assistance of wheelchairs, walkers, canes, crutches and/or other orthopedic devices;

-Unstable gait;

-Pain upon bearing weight;

-Inability to sit for long periods of time;

-Inability to stand for long periods of time;

-Difficulty bending;

-Osteoarthritic changes;

-Loss of range of motion, flexion, rotation, and movement of all affected and surrounding areas;

-Conscious pain and suffering due to swelling, soreness and impairment of function of skin, bones, ligaments, tendons, cartilage, muscles, nerves, subcutaneous tissues, and all other affected and surrounding areas;

-Loss of enjoyment of life;

-Emotional and psychological sequelae marked by severe depression, anxiety, sleeplessness, and feelings of inadequacy and helplessness;

-Plaintiff's injuries complicate and impair his ability to carry out fundamental tasks of day to day living;

-Plaintiff suffers an inability to engage in and enjoy the same social and recreational activities he formerly did.

-Plaintiff has been, and continues to be incapacitated form his usual and customary day to day activities due to the nature and severity of his injuries.

-Plaintiff has been, incapacitated from employment and employment opportunities due to the nature and severity of his injuries.

All of the above claimed injuries are believed to permanent in nature and are deemed to have permanent residual effects. See item number 5 below.

Plaintiff Andre Mullin has suffered the following injuries as a result of the occurrence herein:

-Head contusions;

-Back contusion;

-Arm contusion;

-Shoulder contusion;

-Nightmares;

-Bruises and swelling to the right shoulder injury;

-Bilateral wrist pain and discoloration;

-Headache

-Backache

-Neck aches

-Muscle aches

-Skin abrasions

-Stiffness of all affected and surrounding areas;

-Severe Muscle spasms;

-Nerve damage;

-Tenderness of all affected and surrounding areas;

-Weakness of all affected and surrounding areas;

-Need for prescription medications;

-Post traumatic stress disorder;

-Decrease of cervical flexion, extension, right rotation, left rotation, right lateral flexion, left lateral flexion, and all other affected and surrounding areas;

-Decrease of lumbar flexion, extension, right rotation, left rotation, right lateral flexion, left lateral flexion, and all other affected and surrounding areas;

-Lacerations;

-Bruises;

-Swelling of all affected and surrounding areas;

-Discoloration;

-Motor dysfunction of all affected and surrounding areas;

-Joint effusion;

-Straightening of the normal lumbar lordosis;

-Lumbar derangement;

-Low back pain;

-Skin abrasions;

-Decrease in mobility;

-Difficulty upon ambulation;

-Inability to ambulate without the assistance of wheelchairs, walkers, canes, crutches and/or other orthopedic devices:

-Unstable gait;

-Pain upon bearing weight;

-Inability to sit for long periods of time;

-Inability to stand for long periods of time;

-Difficulty bending;

-Osteoarthritic changes;

-Loss of range of motion, flexion, rotation, and movement of all affected and surrounding areas;

-Conscious pain and suffering due to swelling, soreness and impairment of function of skin. bones. ligaments, tendons, cartilage, muscles, nerves, subcutaneous tissues, and all other affected and surrounding areas;

-Loss of enjoyment of life;

-Emotional and psychological sequelae marked by severe depression, anxiety, sleeplessness, and feelings of inadequacy and helplessness;

-Plaintiff's injuries complicate and impair his ability to carry out fundamental tasks of day to day living;

-Plaintiff suffers an inability to engage in and enjoy the same social and recreational activities he formerly did.

-Plaintiff has been, and continues to be incapacitated form his usual and customary day to day activities due to the nature and severity of his injuries.

-Plaintiff has been, incapacitated from employment and employment opportunities due to the nature and severity of his injuries.

All of the above claimed injuries are believed to permanent in nature and are deemed to have permanent residual effects. See item number 5 below.

5. Identify all economic injuries claimed by plaintiff as a result of the Incident including but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and attorneys' fees. Identify the specific amounts claimed for each injury.

Answer: Plaintiff Gabriel Quiros has incurred the following expenses as a result of the occurrence alleged herein:

Hospital Expenses:

St. Vincent's Medical Center
355 Bard Avenue
Staten Island, N.Y. 10310
Approximately $2,500.00 to date and continuing into the future*

Attorneys' fees: Approximately $1,000.00 to date and continuing into the future*

Transportation fees: Approximately $60.00 to date and continuing into the future*

* Approximate and/or continuing.

** Unknown at this time. Requested information to be provided at a later date when and if it becomes available to the plaintiff

Plaintiff Andre Mullin has incurred the following expenses as a result of the occurrence herein:

Hospital Expenses:

St. Vincent's Medical Center
355 Bard Avenue
Staten Island, N.Y. 10310
Approximately $2,500.00 to date and continuing into the future*

Attorneys' fees: Approximately $1,000.00 to date and continuing into the future*

Transportation fees: Approximately $60.00 to date and continuing into the future*

* Approximate and/or continuing.

** Unknown at this time. Requested information to be provided at a later date when and if it becomes available to the plaintiff

6.     Identify all of plaintiff's employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

Answer: This item is objected to as improper and is rejected as over-broad. However, without waiving said objection:

As to plaintiff Andre Mullin: Plaintiff was self employed as a daily contractor and missed approximately five days of contractual work opportunity.

As to plaintiff Gabriel Quiros:

Eger Nursing and Rehabilitation Center
140 Miesner Ave.
Staten Island, NY
Food service worker. February 2005-to date.
Earnings: $15.92/Hour. Plus overtime.

Plaintiff was caused to miss 4 weeks of work as result of the occurrence alleged herein resulting in an economic loss of approximately $3,000.00.

Breezin
Victory Blvd
Staten Island, N.Y.
Air conditioner installer: February 2004-February 2005.
Earnings: $12.00/Hour. Plus overtime.

Cool Runnings
Englewood Street
Staten Island, N.Y.
Air conditioner installer: November 2000-February 2005.
Earnings: $12.00/Hour. Plus overtime.

7.     Identify all medical providers including, but not limited to, doctors, hospitals, psychiatric, psychologist, social workers and other counseling service, who have rendered treatment to the plaintiff within the past ten (10) years.

Answer: This item is objected to as improper and is rejected as vague and over-broad. However,

without waiving said objection, please be advised that plaintiffs received treatment from the following medical providers as a result of the occurrence alleged herein.

Andre Mullin

St. Vincent's Medical Center
355 Bard Avenue
Staten Island, N.Y. 10310

Gabriel Quiros

St. Vincent's Medical Center
355 Bard Avenue
Staten Island, N.Y. 10310

8.  Has plaintiff applied for worker's compensation within the past ten (10) years? If so, identify each state, City, or other jurisdiction that provided worker's compensation to plaintiff(s).

Answer: This item is objected to as improper and is rejected as over-broad. However, without waiving said objection plaintiffs Andre Mullin and Gabriel Quiros have never been recipients of Worker's Compensation.

9.  Has plaintiff applied for social security disability benefits within the past ten (10) years? If so, identify each state, City, or other jurisdiction that provided worker's compensation to plaintiff(s).

Answer: This item is objected to as improper and is rejected as over-broad. However, without waiving said objection plaintiffs Andre Mullin and Gabriel Quiros have never been recipients of Social Security Disability Benefits.

10. Has plaintiff applied for Medicare and/or Medicaid within the past ten (10) years? If so, identify each state, City, or other jurisdiction that provided worker's compensation to plaintiff(s).

Answer: This item is objected to as improper and is rejected as over-broad. However, without

waiving said objection plaintiff Andre Mullin has never been a recipient of Medicare and/or Medicaid.

Plaintiff Gabriel Quiros was not a recipient of Medicare and/or Medicaid at the time of the occurrence alleged herein, but was a recipient of same on an intermittent basis between 1996-2007.

11.    Has plaintiff made a claim with any insurance carrier for physical, mental or emotional injuries within the past ten (10) years? If so, identify each claim by date, injury and insurance carrier.

Answer: This item is objected to as improper and is rejected as vague and over-broad. However, without waiving said objection plaintiffs have not made claims with any insurance carrier for physical, mental or emotional injuries prior to the occurrence alleged herein.

12.    Identify all government agencies to whom plaintiff made complaints regarding the Incidents including but not limited to, the Civilian Complaint Review Board ("CCRB") and the Internal Affairs Bureau ("IAB") of the New York City Police Department.

Answer: At the present time, those agencies to whom plaintiffs made complaints regarding the Incidents include, the Civilian Complaint Review Board ("CCRB") and the Internal Affairs Bureau ("IAB") of the New York City Police Department, as well as other members of the New York City Police Department. Additionally, reports were given Officer Williams, and Officer Samuel: Complaint numbers 06-18774 and 06-18781. Plaintiffs are not presently in possession of any documents plaintiffs believe may have been prepared by the City of New York, or its agents, servants, and/or employees, concerning the occurrence of the injuries (and damages) alleged in the complaint, or defendant(s) responsibility therefore, including any statement, note, memorandum, or recording of an oral statement, The location and whereabouts of any such documents, photographs,

recording, and or any other items with regard to this matter are presently within the exclusive knowledge of the City of New York, its agents, servants, and/or employees.

13. Identify each occasion in which plaintiff has been convicted of a felony or misdemeanor including the date of the conviction, the charges of which plaintiff was convicted, and the amount of time that plaintiff spent incarcerated.

Answer: This item is rejected as improper and is objected to as overbroad and scope and time, is a matter of public record, and/or may request privileged information.

14. Identify each occasion in which plaintiff has been convicted of a felony or misdemeanor, including the date of the conviction, the charges of which plaintiff was convicted, and amount of time that plaintiff spent incarcerated as a result of each conviction.

Answer: See item number 13 above.

15. Identify each lawsuit to which plaintiff has been a party, including the court in which the matter was pending, the docket or index number, and the disposition of the matter.

Answer: This item is rejected as improper and objected to as vague, over-broad, may contain privileged information, and/or are matters of public records. However, without waiving this objection, plaintiff Andre Mullin has not been party to any other lawsuits to date.

Plaintiff Gabriel Quiros has not been party to any other lawsuits to date with the exception a lawsuit brought by his Lawful Guardian in approximately1987, and in which Gabriel Quiros was an infant party.

16. Identify each occasion on which plaintiff has given testimony or statements regarding the subject of this lawsuit.

Answer: In addition to those items indicated above, plaintiffs each testified at statutory 50-H

hearings, executed transcripts of which have previously been provided to defendants, as well as speaking with members of the CCRB, the Internal Affairs Bureaus of the New York City Police Department, as well as other members of the New York, City Police Department, their agents, servants and/or employees.

17. Identify all treating physician and other medical providers that plaintiff intends to call the time of trial.

Answer: Please be advised that the plaintiff has not yet designated expert witness(es). Upon designation of same, a response pursuant to the FRCP and Local Rules will be provided.

18. Identify all experts that plaintiff expects to call at the time of trial and provide all disclosures required pursuant to Federal Rule 26(a)(2).

Answer: Please see item number 17 above.

19. Identify all documents prepared by plaintiff, or any other person that relate to the Incident and subject matter of this litigation.

Answer: This item is rejected as improper and objected to as vague, over-broad in scope and time, may contain privileged information, and/or are matters of public records.

20. Identify all Freedom of Information Law requests and any responses thereto made by plaintiff or by anyone on plaintiff's behalf, concerning plaintiff's claims in this litigation.

Answer: This item is rejected as improper and is objected to as vague and overbroad. However, without waiving this objection, neither plaintiffs nor anyone on plaintiffs' behalf have made Freedom of Information requests with regard to this matter.

**PLEASE TAKE NOTICE**, that plaintiffs reserve the right to supplement the above responses during discovery up to a sufficient time prior to and including the trial of this action.

Dated:
February 20, 2008

Yours Etc.
STEVEN W. EPSTEIN, ESQ.
Of Counsel To:
LAW OFFICE OF SHABAN KOLECI

Mailing Address:
STEVEN W. EPSTEIN, ESQ.
P.O. Box 929
New York, N.Y. 10040

Office Address:
STEVEN W. EPSTEIN, ESQ
1 Whitehall Street, 17th floor
New York, N.Y. 10004

TO:
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attn: Jennifer Rubin
Attorney for Defendants
100 Church Street, Room 3-178
New York, N.Y. 10007

## ATTORNEY'S VERIFICATION

Steven W. Epstein, Esq., attorney for the plaintiff(s) in the within action, duly admitted to practice law in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury:

That affirmant has read the foregoing RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters affirmant believes them to be true.

Affirmant further states that the source of affirmant's information and grounds of affirmant's belief are derived from the file maintained in the normal course of business of the attorneys for the plaintiffs and conversations with the plaintiff herein..

Affirmant further states that the reason this verification is not made by the plaintiffs is that the plaintiffs are not within the County of NEW YORK, which is the County where the attorneys for the plaintiff herein maintain their offices.

Dated: New York, New York

February 20, 2008

STEVEN W. EPSTEIN, ESQ.

**STEVEN W. EPSTEIN, ESQ.**

STATE OF NEW YORK    )
                                      ss.:
COUNTY OF NEW YORK)

       YUKARI NAKANO, being duly sworn, deposes and says:

       I am not a party to this action, am over 18 years of age, and reside at 1 Whitehall Street, 17th floor New York New York. 10004 That on February 21, 2008 I served the within RESPONSE TO FIRST SET OF INTERROGATORIES upon each of the following attorneys at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York:

To:

TO:
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attn: Jennifer Rubin
Attorney for Defendants
100 Church Street, Room 3-178
New York, N.Y. 10007

 

-----------------------------------------
                    YUKARI NAKANO

Sworn to before me on
2/22  2008

STEVEN W EPSTEIN
Notary Public, State of New York
No. 02EP5051592
Qualified in New York County
Commission Expires November 6, 199_

NOTARY PUBLIC

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK         Docket # 07-CV-4760

----------------------------------------------------------------

ANDRE MULLIN and GABRIEL QUIROS

                                        Petitioners

        -against-

CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,
and P.O. "JOHN" ISCOVICI badge # 26836.

                                        Respondent(s)

----------------------------------------------------------------

        RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES

----------------------------------------------------------------

                        STEVEN W. EPSTEIN, ESQ.
                        OF COUNSEL TO
                          LAW OFFICE OF SHABAN KOLECI
                          ATTORNEY FOR PLAINTIFFS
                          Office: 1 Whitehall Street, 17th Floor
                          New York, New York, 10004
        Mailing Address:  P.O. BOX 929
                          NEW YORK, NEW YORK 10022
                          (212) 422-2110

----------------------------------------------------------------

To:




Service of a copy of the within            is hereby admitted.

Dated,

Attorney(s) for defendant(s)